CRAWLEY v SCHICK

1. WORKMEN'S COMPENSATION—THIRD-PARTY ACTION—EXPENSES OF RECOVERY—FIDUCIARY FEES.

Reasonable fiduciary fees are includable as an expense of recovery where the administrator or administratrix of the estate of an employee covered by the Workmen's Compensation Act successfully brings a wrongful death action against a third party and performs tasks which go beyond the ordinary duties of administering an estate and which in addition benefit a workmen's compensation carrier (MCLA 418.827[6]).

2. EXECUTORS AND ADMINISTRATORS—EXTRAORDINARY FEES—WRONGFUL DEATH ACTION.

An allowance of $2,500 in extraordinary administration fees was proper where the administratrix, apart from executing documents and performing other common administrative duties, advanced a wrongful death action by conducting numerous interviews with her husband's employer and acquaintances, obtaining the services of a mechanic to examine the vehicle the decedent was driving at the time of the accident, and appearing at various circuit court proceedings.

3. WORKMEN'S COMPENSATION—THIRD-PARTY ACTION—EXPENSES OF RECOVERY—ATTORNEY FEES—APPORTIONMENT.

Attorney fees based upon the gross recovery in a third-party negligence action for the wrongful death of an employee covered by the Workmen's Compensation Act are not improper where the attorney through his professional skills obtained a settlement that benefited the plaintiff's estate and the workmen's compensation insurance carrier; the plaintiff and insurance carrier are responsible for a share of the attorney fees in proportion to the benefits received.

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation § 395.
[2] 31 Am Jur 2d, Executors and Administrators §§ 530–544.
[3] 58 Am Jur, Workmen's Compensation §§ 354, 395.
[4, 5] 7 Am Jur 2d, Attorneys at Law §§ 235–250.
[6] 58 Am Jur, Workmen's Compensation, § 63.
[7, 8] 58 Am Jur, Workmen's Compensation § 545 *et seq.*

4. ATTORNEY AND CLIENT—FEES—REASONABLENESS.

Facts to be taken into consideration in determining the reasonableness of attorney fees include, but are not limited to, the following: (1) the professional standing and experience of the attorney; (2) the skill, time, and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client.

5. ATTORNEY AND CLIENT—FEES—REASONABLENESS—WRONGFUL DEATH—WORKMEN'S COMPENSATION.

Attorney fees of $18,333.33 were not in excess of reasonable fees for the services performed where an experienced and well-respected attorney thoroughly prepared a wrongful death action for trial, negotiated a settlement of the claim for $55,000, appeared at a hearing on the workmen's compensation insurance carrier's motion to intervene and at numerous subsequent hearings on the question of reasonable expenses of recovery and apportionment of expenses.

6. WORKMEN'S COMPENSATION—THIRD-PARTY ACTION—EXPENSES OF RECOVERY—APPORTIONMENT.

The expenses connected with a recovery where an employee injured during the course of his employment or his estate in the event of fatal injuries brings suit and recovers damages against alleged third-party tortfeasors are to be apportioned by the court between the employee and the workmen's compensation carrier as their interests appear at the time of the recovery (MCLA 418.827[6]).

7. WORKMEN'S COMPENSATION—FUTURE BENEFITS—THIRD-PARTY ACTION—ADVANCE PAYMENT CREDIT.

A workmen's compensation carrier is entitled to an advance payment credit for workmen's compensation benefits due in the future to a decedent's dependent survivors for death incurred during the course of the decedent employee's employment at the time of the recovery by the estate of the decedent employee of damages against a third-party tortfeasor.

8. WORKMEN'S COMPENSATION—FUTURE BENEFITS—CONTINGENCIES—ADVANCE PAYMENT CREDIT.

A workmen's compensation carrier's obligation to pay future workmen's compensation benefits is contingent and may be reduced by the remarriage of the decedent's spouse or the death of the spouse and the dependent children which would materially affect the worth of an advance payment credit allowed to the carrier after a recovery of damages against a

third-party tortfeasor; such contingencies do not prevent the award of prospective damages in other types of tort cases and will not operate to exclude an advance payment credit as a benefit to a workmen's compensation carrier.

Appeal from Tuscola, Norman A. Baguley, J. Submitted Division 2 May 16, 1973, at Lansing. (Docket Nos. 13616, 13597.) Decided August 27, 1973.

Complaint by Karen Crawley, administratrix of the estate of Raymond Crawley, deceased, against J. L. Schick and Mary Schick for damages as the result of decedent's death in an automobile accident. Consent judgment for plaintiff. Liberty Mutual Insurance Company's motion to intervene as a plaintiff and to apportion the settlement and reasonable costs of recovery granted. Defendants satisfied the judgment. Plaintiff ordered to reimburse the intervening plaintiff for workmen's compensation benefits paid prior to the date of the settlement. The intervening plaintiff appeals. Order of apportionment and dismissal vacated and remanded for the entry of an order of apportionment and dismissal consistent with instructions.

*van Benschoten & van Benschoten, P. C.,* for plaintiff.

*Neal & Nelson, P. C.,* for intervening plaintiff.

Before: FITZGERALD, P. J., and T. M. BURNS and ADAMS,* JJ.

T. M. BURNS, J. On August 28, 1969, Raymond Crawley was killed in a traffic accident while driving an auto during the course of his employ-

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

ment. The other vehicle involved in the mishap was driven by the defendant Mary Schick with the consent of the owner, J. L. Schick.

Subsequently Karen Crawley, as administratrix of her husband's estate, brought a wrongful death action against the Schicks on January 20, 1970, seeking $210,000 in damages. While a trial on the merits was in progress, the parties agreed to settle the suit for $55,000. A consent judgment ·to this effect was entered on August 23, 1971. The following day Liberty Mutual Insurance Company[1] moved to intervene and apportion the settlement and reasonable costs of recovery in order to recoup the amount of workmen's compensation benefits it had paid to the decedent's survivors prior to the date of recovery. See MCLA 418.827(5)(6); MSA 17.237(827)(5)(6).

The defendants satisfied the judgment. On January 20, 1972, the circuit court ordered the plaintiff to reimburse Liberty Mutual $7,830 for workmen's compensation benefits paid prior to the date of the settlement. The expenses of recovery totaled $26,477.08, and were itemized by the court as follows:

| | |
|---|---|
| Probate fees | $ 5,800.00 |
| Reasonable attorney fees | 18,333.33 |
| Investigation fees | 489.75 |
| Third party action costs | 1,854.00 |
| Total | $26,477.08 |

When apportioning these expenses, the lower court found Liberty Mutual's interest at the time of recovery to be $40,790 or 74% of the $55,000 settlement. The $40,000 figure was calculated by

[1] Liberty Mutual Insurance Company was the workmen's compensation carrier for the decedent's employer.

including as part of Liberty Mutual's interest 500 weeks of future workmen's compensation payable at $80 per week to the decedent's survivors. See MCLA 418.321; MSA 17.237(321). Liberty Mutual's share of the expenses of recovery was, therefore, deemed to be $19,593.04, *i.e.,* 74% of $26,477.08.

In an effort to reduce the expenses of recovery it must share pro rata with the plaintiff, Liberty Mutual brings the instant appeal and asserts that an expense item of $2,500 included in the probate fees as an extraordinary administration fee was not properly includable as an expense of recovery and that the contingent fee of plaintiff's attorney should have been based on the amount actually recovered for the plaintiff, exclusive of the amount reimbursed to the workmen's compensation carrier. Liberty Mutual also disputes the apportionment of the reasonable costs of recovery. We will discuss and decide these questions *seriatim.*

I. *Extraordinary Administration Fees:*

Karen Crawley, as administratrix of her deceased husband's estate, sought $4,582.48 in extraordinary administration fees. After a hearing on the matter, the circuit court modified the figure to $2,500 and included it as an expense of recovery noting that Mrs. Crawley went beyond the ordinary tasks of an administratrix and that the additional work benefited both the estate and the workmen's compensation carrier.

Liberty Mutual, the intervening plaintiff and workmen's compensation carrier, contends that extraordinary administration fees are not properly includable as an expense of recovery under MCLA 418.827(6); MSA 17.237(827)(6). We disagree.

Where, as here, the estate of a deceased employee who was covered by workmen's compensation brings suit and recovers damages against the

party causing the fatal injuries and the workmen's compensation carrier is thereby reimbursed the amount of compensation benefits it had paid to the decedent's survivors, the propriety of allowing extraordinary fees for the administration of the estate as a reasonable expense of recovery has never been decided in this state. Cases from other jurisdictions which interpret statutes essentially dissimilar from ours are of little value in resolving the question. Therefore we must turn to the language of the statute in question for guidance.

There is no room for judicial interpretation or construction where the language contained in a statute is plain and unambiguous. *Dussia v Monroe Co Emp Ret Sys,* 386 Mich 244; 191 NW2d 307 (1971).

The pertinent part of MCLA 418.827(6); MSA 17.237(827)(6) provides:

"Expenses of recovery shall be the reasonable expenditures, including attorney fees, incurred in effecting recovery."

The language of the statute is clear. The words used are common. We find nothing vague or obscure in the phrase "Expenses of recovery shall be the reasonable expenditures * * * in effecting recovery". It is patent that the statute contemplates something other than attorney fees as expenses of recovery. Inasmuch as the workmen's compensation carrier benefited from the administratrix's additional work which went beyond the ordinary duties of an administratrix, we cannot perceive of any reason to exclude these extraordinary administration fees from the reasonable expenditures incurred in effecting recovery.

We hold, therefore, that where the administrator or administratrix performs tasks which go

beyond the ordinary duties of administering an estate and which in addition benefit the workmen's compensation carrier, the reasonable fees reflecting such work are includable as an expense of recovery under MCLA 418.827(6); MSA 17.237(827)(6).

Without admitting that extraordinary administration fees are includable as an expense of recovery, Liberty Mutual contends that in any event the $2,500 extraordinary fee awarded by the circuit court was not justified. Again we cannot agree.

Findings of fact made by the lower court will not be disturbed on appeal unless clearly erroneous. GCR 1963, 517.1.

As previously recounted a hearing was held on the question of Mrs. Crawley's claim for extraordinary administration fees. At the conclusion of the hearing and after considering the testimony presented, the circuit court found that a portion of Mrs. Crawley's efforts on behalf of the estate were over and above those normally done by the fiduciary of an estate and that these efforts on the part of Mrs. Crawley benefited the workmen's compensation carrier.

A review of the record reveals that Mrs. Crawley, apart from executing documents and performing other common administrative duties, advanced the case against the defendants by conducting numerous interviews with her husband's employer and acquaintances, obtaining the services of a mechanic to examine the vehicle her husband was driving at the time of the accident, and appearing at various circuit court proceedings.

In view of the foregoing actions taken by Mrs. Crawley on behalf of the estate, we cannot say that the circuit court's finding with respect to the

allowance of $2,500 in extraordinary administration fees was clearly erroneous. Therefore we decline to disturb the circuit court's determination.

II. *Plaintiff's Attorney Fees:*

The circuit court assessed plaintiff's reasonable attorney fees at $18,333.33. This figure represents one-third of the gross amount awarded to the plaintiff.

Liberty Mutual, citing *Modeen v Consumers Power Co,* 384 Mich 354; 184 NW2d 197 (1971), argues that it was improper to assess attorney fees based upon plaintiff's gross recovery since that fee should have been based on the net recovery, in this case, $55,000 minus the reimbursement to the insurance carrier and out-of-pocket expenses. We find *Modeen* inapposite for this proposition.

In *Modeen,* an injured employee who suffered a compensable injury during the course of his employment brought suit under the Workmen's Compensation Act against the allegedly negligent third party. The claim was eventually settled for $75,-000. After reimbursing the workmen's compensation carrier, the employee was left with a balance of $63,549.92. The attorney fee was $16,678.09 and was based on the $63,000 balance.

Although the attorney fee was based on the net as opposed to the gross recovery, nothing in *Modeen* either approves or disapproves of this procedure in fixing attorney fees. The opinion recited various figures from the original apportionment order simply as background for the question facing the court of whether after an initial apportionment by the circuit court, the Workmen's Compensation Appeal Board had jurisdiction to reapportion the costs of recovery. There was no holding with respect to the proper method for computing

attorney fees in a third-party action brought under the Workmen's Compensation Act.

The other cases cited by Liberty Mutual are not on point and only serve to indicate that the courts will closely scrutinize attorney fees. See for example *Hoffman v Burkhammer,* 373 Mich 187, 196; 128 NW2d 503, 507 (1964).

In considering the question of whether the attorney fees in a third-party negligence action brought under the Workmen's Compensation Act should be based on the plaintiff employee's gross or net recovery, we note from common experience that it is not unusual for an attorney in a negligence action to base his fee upon the gross recovery.

As stated earlier, plaintiff's attorney through his professional skills obtained a settlement of $55,-000. That the plaintiff's estate benefited from the settlement is obvious. Further, Liberty Mutual also profited. It was reimbursed out of the settlement for workmen's compensation benefits paid to the decedent's survivors prior to the date of recovery, and the balance of the settlement remaining after the amount of the reimbursement and expenses of recovery are deducted is treated as an advance payment on Liberty Mutual's obligation to pay future workmen's compensation benefits to the decedent's survivors. MCLA 418.827(6); MSA 17.237(827)(6).

Therefore since plaintiff's attorney effected a $55,000 settlement and inasmuch as both the plaintiff and Liberty Mutual profited from the settlement and are responsible for a share of the attorney fees in proportion to the benefits received, we do not find an attorney fee based upon that gross recovery in a third-party negligence action brought under the Workmen's Compensation Act to be improper.

Having found an attorney fee based upon the gross recovery to be proper, a complete disposition of the question necessitates a review of whether the fee was excessive notwithstanding the fact it was based on the gross recovery.

Where the amount of attorney fees is in dispute each case must be reviewed in light of its own particular facts. There is no precise formula for computing the reasonableness of an attorney's fee. However, among the facts to be taken into consideration in determining the reasonableness of a fee include, but are not limited to, the following: (1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client. See generally 3 Michigan Law & Practice, Attorneys and Counselors, § 44, p 275 and Disciplinary Rule 2-106(B) of the Code of Professional Responsibility and Ethics.

Here plaintiff's attorney is an experienced and well-respected member of the bar. He prepared the case for trial by among other things: filing a complaint, amended complaint, and trial brief; directing interrogatories to the defendants; taking part in the pretrial conference; moving for discovery; taking depositions; and appearing at trial which included impanelling a jury. During the course of the trial, he negotiated a settlement of the claim for $55,000 and thereafter appeared at the hearing on Liberty Mutual's motion to intervene and at numerous subsequent hearings on the question of reasonable expenses of recovery and apportionment of those expenses. In pursuing the suit, he incurred $1,854 in expenses. In short

plaintiff's attorney thoroughly prepared for the trial and represented the plaintiff's interest in a competent professional manner.

Applying the criteria delineated in the preceding paragraph to the foregoing facts, it is our opinion that the attorney fees assessed by the circuit court were not in excess of reasonable fees for the services performed.

III. *Apportionment of the Reasonable Costs of Recovery:*

Where an employee injured during the course of his employment or his estate in the event of fatal injuries brings suit and recovers damages against the alleged third-party tortfeasors, the expenses connected with this recovery are to be apportioned by the court between the employee and the workmen's compensation carrier as "their interests appear at the time of the recovery". MCLA 418.827(6); MSA 17.237(827)(6).

Liberty Mutual complains that in apportioning the costs of recovery the circuit court erred by including as part of its interests at the time of recovery the $40,000 representing its obligation to pay the decedent's survivors 500 weeks of workmen's compensation at $80 per week.

Whether workmen's compensation payable in the future may be included as part of the carrier's interest at the time of recovery is a question of first impression in this jurisdiction. However, resolution of the question will be dictated by the applicable portion of MCLA 418.827(6); MSA 17.237(827)(6) which provides:

"Expenses of recovery shall be apportioned by the court between the parties as their interests appear at the time of the recovery."

The "parties" contemplated by the statute ar-

rayed above are the plaintiff employee and the workmen's compensation carrier. *Potter v Vetor,* 355 Mich 328, 332; 94 NW2d 832, 833–834 (1959). Turning to Webster's Third New International Dictionary (unabridged) the word "interest" used in the context of the statute is defined as a "right, title, or legal share in something * * * participation in advantage, profit, and responsibility". Reading the statute with these definitions in mind it is clear that the statute is equitable in nature. That is where, as here, the injured employee or his estate and the workmen's compensation carrier both benefit from an employee's suit against a third party who allegedly inflicted the compensable injury, the employee and the workmen's compensation carrier must share the expenses of the suit in proportion to what the benefits each received bears to the total recovery. In other words the Legislature sought to insure that neither the employee nor the workmen's compensation carrier would reap benefits from the suit against the party causing the compensable injuries without bearing a pro rata share of the expenses generated by the suit.

Thus in determining whether the circuit court correctly apportioned Liberty Mutual's share of the expenses of the suit our task narrows to ascertaining what benefits accrued to Liberty Mutual as a result of the plaintiff's suit. We find Liberty Mutual benefited from the suit in two respects.

First pursuant to MCLA 418.827(5); MSA 17.237(827)(5) Liberty Mutual is entitled to be reimbursed the $7,830 it had paid in workmen's compensation benefits to the decedent's survivors prior to the date of recovery.

Second, inasmuch as a workmen's compensation carrier is permitted to credit as an advance pay-

ment on 'its obligation to pay workmen's compensation benefits due in the future, any balance of the amount recovered remaining after the reimbursement and costs of recovery are subtracted, MCLA 418.827(5); MSA 17.237(827)(5) *Gamble v American Asbestos Products,* 381 Mich 105; 159 NW2d 839 (1968), Liberty Mutual is entitled to an advance payment credit of $20,692.92 on its obligation to pay the decedent's dependent survivors 500 weeks of benefits at $80 per week.[2] For a similar result in apportioning expenses of recovery in a workmen's compensation case based on purely equitable grounds, see *Wall v Conn Welding & Machine Co,* 197 Pa Super 360; 179 A2d 235 (1962).

It follows, therefore, that it was error for the circuit court to include the entire $40,000 of future workmen's compensation benefits payable as part of Liberty Mutual's interest at the time of recovery since any amounts payable in the future in excess of the $20,000 plus advance credit must come from the carrier's own funds and would be a detriment rather than a benefit to Liberty Mutual.

Consequently the circuit court also erred in finding Liberty Mutual responsible for 74% of the costs of recovery. Liberty Mutual's total benefit from the suit is $28,522.92 ($7,830 reimbursement plus $20,692.92 advance credit). This figure represents 51.86% of the gross settlement of $55,000. Therefore Liberty Mutual's share of the expenses of recovery is $13,731.01 (51.86% of the $26,477.08 costs of recovery).

We are not unmindful that Liberty Mutual's

---

[2] The advance payment was calculated as follows:

|   | $55,000.00 | (gross settlement) |
|---|---|---|
| − | 7,830.00 | (reimbursed) |
| − | 26,477.08 | (expenses of recovery) |
|   | $20,692.92 | (advance payment credit) |

obligation to pay future workmen's compensation benefits is contingent and may be reduced by the remarriage of the decedent's spouse or the death of the spouse and the dependent children which in turn would materially affect the worth of the advance payment credit. However, such contingencies do not prevent the award of prospective damages in other types of tort cases and, therefore, they will not operate to exclude an advance payment credit as a benefit to a workmen's compensation carrier.

For the reasons delineated above, the order of apportionment and dismissal issued by the Tuscola County Circuit Court is vacated, and the case is remanded for the entry of an order of apportionment and dismissal consistent with this opinion.

All concurred.