William **STEINER**, Moise Katz, Harry Lewis, Cubit Corporation and John P. Green, Jr., Plaintiffs,

v.

**FRUEHAUF CORPORATION**, R.D. Rowan, F.P. Coyer, Jr., D.F. Chamberlin, J.P. Grace, T.J. Reghanti, J.S. Wilkerson, D.E. Richardson, J.C. McCabe, F.J. Sehn, Jack Breslin, Russell Howell, Neal Combs, Leon Alexander, Robert G. Siefert, Merrill Lynch & Co., and MMC Holdings, Inc., Defendants.

Martin **WARSHOFSKY**, Plaintiff,

v.

**FRUEHAUF CORPORATION**, Robert Rowan, and Merrill Lynch & Co., Defendants.

Civ. Nos. 86–72915, 86–72805.

United States District Court, E.D. Michigan, S.D.

July 20, 1988.

Gene A. Farber, Detroit, Mich., for plaintiffs.

William M. Saxton, Detroit, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

ANNA DIGGS TAYLOR, District Judge.

These actions, which have been consolidated, were instituted by Fruehauf shareholders who sought a fair and open auction process when it appeared that the company would be sold, inevitably, in the Spring of 1986. The Settlement Agreement, which was entered into by the parties on March 8, 1988 and is presently before this Court for final approval, provides for no additional consideration to be paid to the plaintiff class other than the benefit which has already been conferred upon it by a revised joint tender offer and amended agreement, dated August 22, 1986, among Defendants Fruehauf Corporation, LMC Holdings, Incorporated, and LMC Acquisition Corporation. The August 22nd Agreement provided for a joint tender offer by LMC Acquisition and Fruehauf for up to 14,575,00 Fruehauf shares at $49.50 cash per share and a

subsequent merger in which each share of Fruehauf stock, not owned by Defendant LMC Holdings or its subsidiary, would be converted into the right to receive, at the election of LMC Holdings, either $49.50 in cash or a unit of Holdings securities comprising one share of Holdings Class B common stock and 1.746 shares of Holdings $3.68 Series A Cumulative Exchangeable Redeemable Preferred Stock. The parties now seek only the dismissal with prejudice and without costs of the consolidated action and payment of Plaintiffs' counsel fees. Raymond Priddy, plaintiff in the subsequently filed case of *Raymond Priddy v. Asher Edelman, et al.*, 679 F.Supp. 1425 (E.D.Mich.1988), and six other shareholders are the sole objectors to this Settlement, although all members of the class were appropriately notified of the June 21, 1988 Settlement Hearing. Only Mr. Priddy appeared through counsel and argued objections.

The facts leading up to this litigation were fully set forth by this Court in its opinions in *Plaza Securities Company v. Fruehauf Corporation*, 643 F.Supp. 1535 (E.D.Mich.) *mod.*, 798 F.2d 882 (6th Cir. 1986) and *Priddy v. Edelman, et al., supra*, and will not be repeated here.

## PROPOSED SETTLEMENT

■ Case law favors the voluntary settlement of class actions. *Armstrong v. Bd. of School Directors*, 616 F.2d 305, 313 (7th Cir.1980). This Court's role in passing upon the propriety of a class action settlement is limited to a determination of whether the terms proposed are fair and reasonable to those affected. *Williams v. Vukovich*, 720 F.2d 909 (6th Cir.1983); *Dalley v. Michigan Blue Cross/Blue Shield*, 612 F.Supp. 1444 (E.D.Mich.1985). The principal factors to be considered in evaluating the proposed settlement are:

(1) The complexity, expense and likely duration of the litigation;

(2) The state of the proceedings and the amount of discovery completed;

(3) The risks of litigation;

(4) The resources of the defendant;

(5) The reasonableness of the settlement in light of the best possible recovery;

(6) Whether the settlement is fair and reasonable to the unnamed class members; and

(7) All objections to the settlement.

*Dalley, supra* at 1467. *See also Crawley v. Schick*, 48 Mich.App. 728, 737, 211 N.W. 2d 217 (1974); 7B Wright & Miller, *Federal Practice and Procedure*, § 1797.1 at 395; 3B Moore's *Federal Practice*, ¶ 23.80[4] at 23–490. The Court should not substitute its judgment for that of the parties. Nonetheless, "the court must act as the guardian of the rights of absentee class members in approving the settlement." Moore's, *supra* at 23–487. *Accord Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 123 (5th Cir.), *cert denied*, 423 U.S. 864, 96 S.Ct. 124, 46 L.Ed.2d 93 (1975). The burden is on the proponents to persuade the Court that the settlement is fair and reasonable. Moore's, *supra* at 23–488.

■ Applying the foregoing standards to the case at bar, the Court concludes that the parties have satisfied their burden of proof regarding the fairness and reasonableness of the proposed settlement.

Vast and rapid discovery was conducted in this case, both prior and subsequent to entry of the preliminary injunction in the *Plaza Securities* case, enabling Plaintiffs and their counsel to clearly evaluate the merits of their case. According to the affidavit of Robert Kornreich, an attorney for Plaintiffs, discovery has revealed the following: (1) that the Fruehauf directors conducted an open bidding contest for Fruehauf in accordance with their fiduciary duties and in compliance with this Court's preliminary injunction order, as modified by the Sixth Circuit Court of Appeals on August 8, 1986; (2) that the August 22, 1986 tender offer was fair to Fruehauf shareholders and superior to any available alternatives; and (3) that the Fruehauf directors exercised reasonable business judgment under the circumstances and satisfied their fiduciary responsibility to Fruehauf shareholders in approving the August 22nd Agreement. Plaintiffs have fully obtained the remedy which they sought through this litigation, and continuation of the litigation will not further benefit the plaintiff class. The proposed settlement also appears to be the result of arm's-length negotiations between the parties and fairly resolves all claims which were, or could have been, asserted relating to the June 24, 1986 tender offer of Fruehauf management.

This Court must carefully consider any opposition to the proposed settlement. The fact that there may be opposition does not, however, necessitate disapproval of the settlement. The Court must independently evaluate whether the objections being raised establish valid reasons why the proposal might be unfair. 7B Wright & Miller, *Federal Practice and Procedure*, § 1797.1 at 412.

On March 28, 1988, this Court entered an Order Providing for Maintenance of a Class Action and for Notice of Proposed Settlement and Dismissal. By May 5, 1988, a copy of the Settlement Notice was mailed to all entities and persons who owned Fruehauf Corporation common stock, of record and beneficially, at any time from March 10, 1986 to December 23, 1986, and their successors in interest, immediate and remote, direct and indirect. (Affidavit of Bocaccio Boyer.) The Notice required that "[a]ny member of the Settlement Class who wishes to object to the Settlement may do so provided that at least ten days prior to the [June 21, 1988] Hearing he files with the Court a written statement of his objections to the Settlement and the grounds for those objections, with a certificate that objections and all supporting papers have been served upon [counsel for Plaintiffs and/or Defendants]."

The Court notes that of the thousands of notices mailed to Fruehauf shareholders, there have been only 15 requests for exclusion from the plaintiff class, and only 6 shareholder objections to the proposed settlement, including the objection of Raymond Priddy. No shareholders appeared at the hearing, and Mr. Priddy's objections, presented by his counsel, were the only ones argued.

Raymond Priddy has requested disapproval of the settlement on the ground that

"there is no legally adequate consideration for the proposed compromise." He argues that the law requires that a settlement be supported by "present" rather than "past" consideration.

The cases cited by Mr. Priddy clearly are distinguishable from the instant case. Here, because of these lawsuits, the Fruehauf shareholders already have received the benefit of the improved August 22, 1986 partial tender offer of Merrill Lynch and its affiliates. In exchange for receiving a consideration for their shares greater than was offered prior to the filing of these suits, the Plaintiffs have agreed to release all claims which were asserted or could have been asserted with respect to the sale of Fruehauf Corporation. Case law holds that benefits received due to the pendency and prosecution of a shareholder class action *can* be the basis for settlement of the action. *See Good v. Texaco, Inc.*, No. 7501, Slip op. (Del.Ch. February 11, 1985) (Chancellor Brown) [available on WESTLAW, 1985 WL 11536], *aff'd sub nom Polk v. Good*, 507 A.2d 531 (Del.Sup.1986). Fruehauf management's decision to conduct an open auction for the company is integrally related to the settlement of this shareholder litigation, as it was caused by its filing.

A second distinguishing feature of this case is that this Court has already decided that any remaining claims embraced in the settlement or covered by the releases were entirely without merit, in granting defendants' motions for summary judgment in *Priddy v. Edelman, et al.*

As an alternative to disapproval of the proposed settlement, Mr. Priddy requests that approval of the settlement be deferred until after the Sixth Circuit Court of Appeals renders a decision on his appeal of the *Priddy* action. He argues that his case may have merit and benefit for all shareholders. If this Court's decision is reversed on appeal, Mr. Priddy's meritorious case would have been settled for nothing.

The Court must deny Mr. Priddy's request to defer approval of the proposed settlement. An objector, such as Mr. Priddy, has a right to appeal from an adverse final judgment although he did not become a formal party of record. *Armstrong v. Bd. of School Directors*, 616 F.2d 305 (7th Cir.1980); *Cohen v. Young*, 127 F.2d 721 (6th Cir.1942); 3B Moore's *Federal Practice* ¶ 23.80[5] at 23–496. Should Mr. Priddy appeal this Court's approval of the instant settlement, that appeal may be considered in conjunction with his appeal of the *Priddy* action.

The six remaining objectors give no valid reason why the proposed settlement is not fair and reasonable under the circumstances.

On the last page of the Settlement Notice, J.K. Galton merely wrote: "The undersigned objects to any settlement." Similarly, on May 16, 1988, Rudolph Letterine wrote: "Robert Kornreich. Dear Sir: Objection to the Settlement made in the past."

On May 31, 1988, Zillie Haight wrote to request exclusion and "object to the proposed settlement on the ground that it contains no inducement or renumeration for stockholders, and further, appears to be a steam rollered decision by a large group of self serving attorneys."

This "lack of consideration" argument was addressed above with respect to Mr. Priddy's objection and rejected by this Court. In addition, the Court finds that Plaintiffs' counsel has made an informed decision, after extensive discovery, that settlement of this pending litigation would be in the best interest of all Fruehauf stockholders.

By letter dated May 9, 1988, James and Elizabeth Gauldin wrote: "We object to this settlement because we were not offered the same conditions and payments for our stock as were certain other Fruehauf shareholders." Jane Ribes, by letter dated June 7, 1988, raises a similar objection and states she did not receive notice of her right to exchange her stock for cash.

In *Priddy v. Edelman, et al.*, 679 F.Supp. at 1430–31, this Court recognized that the fact the Edelman Group received cash for their shares while other Fruehauf shareholders received a combination of cash and securities did not establish liability. There was no evidence of any breaches

of fiduciary duties or of any violations of securities laws after entry of the preliminary injunction enjoining Fruehauf management's June 24, 1986 tender offer.

Finally, Lawrence De Neufville signed and dated on May 16, 1988 the following notation at the end of the Settlement Notice: "I never applied to be a member of the class. I have no grievance against Fruehauf, and *object strongly to any payment of attorneys fees* out of Fruehauf's pocket to the attorneys who brought this futile litigation. Kindly oppose the award of fees as part of your representation of my company" (emphasis in original).

Mr. De Neufville's assertion that Plaintiffs brought "futile litigation" is without merit. Plaintiffs' initiation and prosecution of these actions made a significant contribution towards the entry of the preliminary injunction and the establishment of an open auction process for the sale of Fruehauf Corporation, which resulted in the final August 22, 1986 buyout program.

The six objections outlined above fail to raise any serious questions regarding the fairness of the proposed settlement. Continued litigation offers no prospect of increased benefits to the class and presents the new risk that Fruehauf and other Defendants may ultimately seek costs against Plaintiffs for needlessly protracting the litigation without legal basis. Therefore, the Court will approve the settlement as fair and reasonable to all those affected by it.

ATTORNEYS' FEES

■ The Settlement Notice mailed to all shareholders of record during the relevant period provided:

Under the Settlement, attorneys for the Class Representatives may apply for an award of attorneys' fees and disbursements in an aggregate amount for all counsel not in excess of $400,000. Members of the Settlement Class will not be liable for any part of any such award. Attorneys for the Class Representatives expect to present their application for fees and disbursements at the Hearing.

On June 16, 1988, prior to the Settlement Hearing of June 21st, attorney Robert Kornreich filed an affidavit in support of Plaintiffs' joint petition for attorneys' fees and reimbursement of expenses. Exhibit A thereto contains *detailed* itemizations by each law firm representing Plaintiffs in this action as to the following: the attorneys and paralegals involved in the case, their respective hourly rate, the hours expended, and the expenses incurred. In addition, a biography of each firm is included which sets forth the background and qualifications of the attorneys who participated in the litigation.

At the onset, the Court notes that there is not one specific objection to the petition for attorneys' fees. Only Lawrence De Neufville asserts a general objection thereto. Nonetheless, the Court must satisfy itself that the fees requested are reasonable.

An award of attorneys' fees is committed to the sound discretion of the trial judge. *Kelley v. Metropolitan County Bd. of Educ.*, 773 F.2d 677 (6th Cir.1985) (*en banc*). In *Northcross v. Board of Education of Memphis City Schools*, 611 F.2d 624, 642 (6th Cir.1979), *citing Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), the Sixth Circuit Court of Appeals outlined twelve relevant factors that should be considered in determining the reasonableness of an attorneys' fee petition:

(1) The time and labor required;

(2) The novelty and difficulty of the questions;

(3) The skill requisite to perform the legal services properly;

(4) The preclusion of other employment by the attorney due to acceptance of the case;

(5) The customary fee;

(6) Whether the fee is fixed or contingent;

(7) Time limitations imposed by the client or the circumstances;

(8) The amount involved and the results obtained;

(9) The experience, reputation and ability of the attorneys;

(10) The "undesirability" of the case;

(11) The nature and length of the professional relationship with the client; and

(12) Awards in similar cases.

Application of these factors to the facts of this case reveals that the attorneys' fee request of $400,000.00 is reasonable under the circumstances and, accordingly, the request is granted.

First and foremost, the Court notes that the actual amount of attorneys' fees earned by Plaintiffs' counsel, using the "lodestar" method (*i.e.*, the number of hours expended multiplied by the hourly rate), *exceeds* $500,000.00. The fees and expenses incurred by each law firm representing Plaintiffs in this litigation were outlined in the Kornreich Affidavit, as summarized by this Court:

| LAW FIRM | TOTAL HOURS EXPENDED | CURRENT LODESTAR TOTAL | TOTAL UNREIMBURSED EXPENSES |
|---|---|---|---|
| Wolf Popper Ross Wolf & Jones | 755.00 | $209,655.60 | $21,489.79 |
| Goodkind, Wechsler, Labaton & Rudoff | 723.10 | $150,996.00 | $ 6,754.23 |
| Lowey, Dannenberg & Knapp, P.C. | 360.15 | $ 93,525.00 | $ 6,453.02 |
| Abbey & Lewis | 169.25 | $ 37,106.25 | $ 4,948.92 |
| Zwerling, Schacter & Zwerling | 109.80 | $ 16,473.50 | $ 201.52 |
| Greenfield & Chimicles | 11.25 | $ 3,493.75 | $ 211.33 |
| Elwood Simon (local counsel to Greenfield & Chimicles) | (none listed) | $ 1,620.00 | $ 12.80 |
| Craig, Farber, Downs & Dise, P.C. | 57.75 | $ 8,662.50 | $ 289.00 |
| | 2,186.30+ | $521,532.60 | $40,360.61 |

The Court finds that the hourly rate charged Plaintiffs' counsel is customary and reasonable for counsel of their caliber and standing in litigation of this type. In fact, the firm biography of Wolf Popper Ross Wolf & Jones states that its fees have been reviewed and approved in other class action suits and/or have been paid by clients in noncontingent litigation.

The fee request is particularly reasonable in light of the expertise and *national* reputation of Plaintiffs' counsel in the field of complex securities litigation and/or class action litigation. Several of the attorneys have published and lectured in this field. Counsels' expertise has made possible the efficient prosecution of this litigation, especially under the extraordinarily limited time constraints imposed upon them to commence the litigation and conduct discovery amidst rapidly unfolding events, in order to seek the injunctive relief appropriate to the situation. Thereafter, Plaintiffs' counsel obtained discovery of documents relating to the bidding contest for Fruehauf Corporation, the August 22, 1986 Agreement, and the Edelman Group Settlement Agreement; deposed Fruehauf directors, representatives of the investment firm advisers and the Edelman Group; and commented upon a preliminary proxy statement relating to the special meeting of shareholders called to vote upon the merger contemplated by the August 22nd Agreement. The ultimate benefit bestowed upon the plaintiff class (*i.e.*, enhanced consideration for Fruehauf shares) was due, in large part, to the superior caliber and great dil-

igence of Plaintiffs' counsel. The hours expended by counsel were eminently reasonable and non-duplicative. It is noteworthy that counsel do not seek an upward adjustment of their fees, nor do they even seek all fees earned.

Plaintiffs' counsel were retained on a contingent fee basis. During the two-year period between commencement of the litigation and consummation of the Settlement Agreement, Plaintiffs faced a substantial risk of receiving no recovery whatsoever from the action. Plaintiffs' counsel assumed and bore the risk of litigation during that period; they committed significant resources to this complex case and achieved a favorable result for the Plaintiffs and the class. By their efforts, moreover, the law today affords greater protection to shareholders than it did prior to this litigation.

For all of the reasons outlined above, the Court will award attorneys' fees to Plaintiffs' counsel in the amount of $400,000.00.

The fee request of Plaintiffs' counsel includes $40,347.81 in unreimbursed out-of-pocket expenses. The Court makes no findings, at this time, as to which of those claimed expenses would have been subject to reimbursement, if any. The fees earned exceed the request by far.

For all of the reasons stated in Plaintiffs' briefs and on the record during the Settlement Hearing of June 21, 1988;

IT IS ORDERED that the proposed settlement be and hereby is APPROVED.

IT IS FURTHER ORDERED that the joint petition for attorneys' fees in the amount of $400,000.00 be and hereby is GRANTED.

IT IS SO ORDERED.

## ORDER AND FINAL JUDGMENT

A hearing having been held before this Court on June 21, 1988 (the "Hearing") upon forty days written notice to consider whether a Stipulation of Settlement dated as of March 8, 1988 (the "Stipulation") and the settlement provided under the Stipulation (the "Settlement") are fair, reasonable, adequate and in the best interests of the Class; whether the above consolidated actions (the "Action") should be dismissed with prejudice and without costs; whether defendants and others against whom claims might be asserted should be released from all liability to the Class or their successors; and whether plaintiffs and all members of the Class should be permanently barred and enjoined from the prosecution of any of the claims covered by the Settlement; and the Court having considered all matters presented in the Action and at the Hearing;

IT IS ORDERED AND ADJUDGED:

1. The Settlement is fair, reasonable, adequate and in the best interests of the Class.

2. The Stipulation is approved.

3. The Action is dismissed on the merits with prejudice and without costs.

4. Notice of pendency of the Action as a class action and of the proposed Settlement and Dismissal of the Action was sent by mail to all persons and entities who were record owners of Fruehauf Corporation common stock at any time from March 10, 1986 to December 23, 1986 (the "Settlement Class Period") and reasonable assistance was provided to nominees in forwarding the notice to beneficial owners. This was the best notice practicable to the class (the "Settlement Class"), which includes all persons and entities, other than defendants in these actions and Asher B. Edelman and persons and entities who acted in concert with him in his efforts to acquire control of Fruehauf Corporation (the "Edelman Group"), who owned Fruehauf Corporation common stock of record or beneficially at any time during the Settlement Class Period and their successors in interest, immediate and remote, direct and indirect, and who did not request exclusion from the Settlement Class. The Court finds all persons described in the preceding sentence to be members of the Settlement Class.

5. Fruehauf Corporation ("Fruehauf"), LMC Holdings, Inc. ("Holdings"), LMC Acquisition Corporation ("Acquisition"), Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Merrill Lynch Capital Markets, Kidder, Pea-

body & Co. Incorporated, Salomon Brothers Inc, their respective predecessors, successors, affiliated corporations, parents, subsidiaries, and past or present officers, directors, employees, partners, associates, agents, attorneys, representatives, and financial and legal advisors, Robert D. Rowen, Frank P. Coyer, Jr., Donald F. Chamberlin, John P. Grace, Thomas J. Reghanti, James S. Wilkerson, Dean F. Richardson, John C. McCabe, Francis J. Sehn, Jack Breslin, Russell G. Howell, T. Neil Combs, Leon Alexander and Robert G. Siefert, and the heirs, executors, administrators, assigns, employees, agents, attorneys, investment bankers, representatives and financial and legal advisors of each natural person named or referred to in the preceding portion of this paragraph are remitted, released and discharged by each member of the Settlement Class from any and all liability under each and every claim asserted in those actions and any and all claims (including, without limitation, claims for breach of any fiduciary duty, fraud, or violation of federal securities law or regulations, or of contributing to or aiding and abetting any wrongdoing) that have been, may be or could be asserted by reason of any matter, transaction, event, statement, omission, negotiation, offer or agreement relating to any effort to acquire control of Fruehauf during the Settlement Class Period, by plaintiffs, the Settlement Class or any member of the Settlement Class in this Court or in any other Court, administrative body or tribunal or arbitration panel of any State, Federal or other jurisdiction, including, without limitation, any and all claims relating to (1) any tender offer for shares of Fruehauf stock; (2) any merger agreement with Fruehauf; (3) the August 22, 1986 settlement agreements (the "Settlement Agreements") between or among Holdings, Acquisition, Fruehauf and Fruehauf officers and directors and Plaza Securities Company; and (iv) any statement made or omitted in connection with any purchase or sale of Fruehauf stock, tender offer for Fruehauf stock, merger agreement with Fruehauf, offering of securities pursuant to any merger agreement with Fruehauf, or the Settlement Agreements.

6. Each named plaintiff in the Action and each member of the Settlement Class is permanently enjoined from prosecuting in this or any other jurisdiction any claim released under this Order and Judgment.

7. The Court has considered the verified petition by plaintiffs' counsel for an award of attorneys' fees and disbursements. The Court awards $400,000 as attorneys' fees and disbursements for all plaintiffs' counsel. This award is to be paid by LMC Holdings, Inc. (now Fruehauf Corporation) to the order of Wolf Popper Ross Wolf & Jones on behalf of all plaintiffs' counsel. This award is in full satisfaction of all claims for fees, disbursements, costs and other expenses by any member of the Settlement Class or any of their attorneys, experts, advisors, agents or representatives.

8. The parties are directed to perform the Settlement as provided in the Stipulation of Settlement.

9. The Court retains jurisdiction over the Action to the extent required to take any action to enforce or give effect to this Order and Judgment.