925 F.2d 1462
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard P. COTTRELL, Plaintiff-Appellee,
Garratt & Evans, P.C., Intervenor-Appellant,
v.
BENDIX CORPORATION and Allied Corporation, Defendants.
 Nos. 89-1867, 89-2091.
 United States Court of Appeals, Sixth Circuit.
 Jan. 7, 1991.
 
 Before BOYCE F. MARTIN, Jr. and WELLFORD, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 SUPPLEMENTAL PER CURIAM.
 
 
 1
 In our Per Curiam decision dated September 20, 1990, we found that the district court had jurisdiction to decide the question of attorney fees to be awarded Garrett & Evans (and the predecessor firm) (G & E) with respect to its services rendered under an agreement with plaintiff Richard P. Cottrell. Appellant G & E has filed a petition to rehear, contending that we "misapprehended" the substance and effect of what it describes as a "mixed fee" arrangement that it had with Cottrell. Under this agreement, G & E maintains in its petition that Cottrell was to pay one-half of its usual hourly rates plus a contingent 25% of any recovery. We noted that G & E had billed Cottrell and had been paid over $3500 in fees and $1000 in costs before Morris terminated his relationship with G & E. We indicated that the nature of a pure contingency arrangement was inconsistent with collection of hourly fees and that the circumstances involved in this case might make it inequitable, if so determined by the district judge, one experienced in Michigan law, to grant G & E the contingency share it was seeking.
 
 
 2
 G & E points out in its petition that Morris continued on the same arrangement with Cottrell, and that in G & E's opinion Morris unfairly reaped contingent fee benefits which should have been awarded to G & E. We concluded that it was not error to award G & E as fee, under the circumstances, that represented payment to it on a quantum meruit basis. In the petition, G & E concedes that it "did not argue that it was inappropriate to apply principles of quantum meruit to determine G & E's fee." (Petition at 6.) G & E argues, however, that other factors were not properly taken into account besides time spent on the case by the district court or by this court.
 
 
 3
 We found no abuse of discretion by the district court in fixing G & E's fee. We stated that it was proper under Michigan law to set a reasonable rate based on "hours expended" as well as "quality" of the attorney, "difficulty of representation and other relevant factors," mentioning "factors enumerated in Crawley v. Schick, 48 Mich.App. 728, 732, 211 N.W.2d 217 (1973)." We do not read our prior decision as limiting consideration only to hours worked, nor that it excluded consideration of the "contingent nature" of the work. See Dean v. Holiday Inns, 860 F.2d 670, 672 (6th Cir.1988).
 
 
 4
 We find no merit in the challenges raised by G & E to the original Per Curiam decision filed in this case, and we DENY the petition to rehear. Costs of the petition and response are assessed against G & E.