## MICHIGAN NATIONAL BANK v METRO INSTITUTIONAL FOOD SERVICE, INC

Docket No. 130027. Submitted May 20, 1992, at Detroit. Decided February 16, 1993, at 9:15 A.M.

Michigan National Bank brought an action in the Oakland Circuit Court against Metro Institutional Food Service, Inc., and Amer, Faiz, and Zuhair Asmar, seeking payment of an overdue promissory note. The defendants counterclaimed, alleging that the bank had negligently honored a draft drawn on a letter of credit issued by it and secured by the note. The trial court, Fred M. Mester, J., granted summary disposition for the bank, holding that it was entitled to recover the unpaid amounts under the note and that the defendants had failed to plead or show that the bank had not been honest in fact in its examination of the draft presented for payment. The court also awarded the bank attorney fees, although not in the amount requested. The defendants appealed, and the bank cross appealed.

The Court of Appeals *held:*

1. The agreement creating the letter of credit provided that drafts submitted by a named creditor of the defendants should be paid only when accompanied by an unpaid invoice and a statement that the invoice was at least thirty days past due. The bank's receipt of a letter from the defendant shortly before the disputed draft was submitted that stated that at that time there were no unpaid invoices that were more than thirty days past due did not preclude the bank from honoring the draft, inasmuch as it was accompanied by invoices and the required statement that the invoices were more than thirty days past due and there was nothing on the face of the documents to alert the bank that they were fraudulent or defective. Further,

REFERENCES

Am Jur 2d, Letters of Credit §§ 28-30, 37.

What constitutes compliance of documents presented with terms of letter of credit so as to require honor of draft under UCC § 5-114. 8 ALR5th 463.

What constitutes fraud or forgery justifying refusal to honor, or injunction against honoring, letter of credit under UCC § 5-114(1) (2). 25 ALR4th 239.

because the date on the invoices was a delivery date rather than a due date, the invoices did not act as a notice to the bank that the invoices were not overdue. The trial court properly held that the defendants had failed to establish that the bank had not acted in good faith and that it was entitled to summary disposition.

2. The trial court properly considered and decided the bank's motion for summary disposition. Summary disposition was not prematurely granted. The defendants failed to provide independent evidence that further discovery would establish that a factual dispute existed.

3. Because the bank did not argue specifically that the trial court abused its discretion in determining the amount of the award of attorney fees, the trial court's award need not be set aside because of its failure to make more detailed findings.

Affirmed.

MICHAEL J. KELLY, P.J., dissenting, stated that the order of summary disposition should be reversed because a genuine issue of material fact exists concerning whether the invoices were false on their face.

1. CONTRACTS — LETTERS OF CREDIT — FRAUD — UNIFORM COMMERCIAL CODE.

An issuer of a letter of credit must honor a draft or demand for payment that complies with the terms of the letter of credit, regardless of whether the documents are fraudulent or the goods do not conform to the contract between the customer and the beneficiary; an issuer of a letter of credit, acting in good faith, may honor a draft or demand for payment even where the customer has notified the issuer of fraud or a defect that is not apparent on the face of the documents (MCL 440.5114; MSA 19.5114).

2. WORDS AND PHRASES — UNIFORM COMMERCIAL CODE — GOOD FAITH.

Good faith, for purposes of the Uniform Commercial Code, means honesty in fact in the conduct or transaction concerned; good faith is evaluated according to a subjective test rather than the objective "reasonably prudent man" standard (MCL 440.1201[19]; MSA 19.1201[19]).

*Douglas C. Bernstein,* for the plaintiff.

*Auslander & Churilla* (by *Ira S. Auslander),* for the defendants.

Before: MICHAEL J. KELLY, P.J., and MACKENZIE and BRENNAN, JJ.

MACKENZIE, J. Defendants appeal as of right from orders granting summary disposition in favor of plaintiff. Plaintiff cross appeals the trial court's award of attorney fees, claiming the award to plaintiff was inadequate. We affirm.

Defendant Metro Institutional Food Service, Inc., and its principals, defendants Amer, Faiz, and Zuhair Asmar, maintained an ongoing business relationship with plaintiff bank. In April 1985, Metro applied for, and the bank issued, a letter of credit in favor of J.Z. Juice Company, one of Metro's suppliers. Amendments of the letter of credit ultimately provided for a credit of $120,000. Metro signed credit line promissory notes to fund the letter of credit on which J.Z. submitted invoices.

The letter of credit provided that J.Z. could obtain payment under the letter of credit by presenting a sight draft accompanied by (1) copies of unpaid invoices to Metro, and (2) a "statement purportedly signed by an authorized signer of J.Z. Juice company that 'the accompanying invoices are at least 30 days past due and payment has been demanded and not received.' "

On March 31, 1988, Metro wrote a letter to plaintiff advising it that (1) the current letter of credit would expire on April 5, 1988, (2) there were no unpaid invoices due and owing from Metro to J.Z. that were at least thirty days past due, and (3) plaintiff should not pay any of J.Z.'s invoices. The letter also requested plaintiff to "give this matter your immediate attention and contact us accordingly."

On April 4, 1988, J.Z. submitted invoices totaling $119,807.05 with a letter stating, "The accompany-

ing invoices are at least 30 days past due and payment has been demanded and not received." Defendants claim that J.Z.'s statement that the invoices were thirty days past due was false and fraudulent. Each of J.Z.'s invoices is a standard preprinted form that provides for an "Inv. & Load Date" and a "Delivery Date," but does not specifically designate a billing date or due date. Each invoice had a handwritten delivery date within thirty days of April 4, 1988. Plaintiff honored the draft and debited Metro's line of credit promissory note. On April 30, 1988, Metro signed another line of credit promissory note for $120,000, presumably a renewal of the previous note. The promissory note provided for monthly payments on any balance on the letter of credit, now at $119,807.05, but Metro failed to make the payments.

As relevant to the issues raised in this appeal, plaintiff's complaint alleged Metro's default with respect to the credit line promissory note funding letters of credit and Metro's unjust enrichment by receipt of merchandise as a result of its failure to reimburse plaintiff for its payment under the letter of credit. Defendants' counterclaim alleged breach of contract and lack of good faith on the part of plaintiff in negligently paying drafts under the letter of credit. Following a hearing, the trial court granted summary disposition in favor of plaintiff with regard to both its complaint and defendants' counterclaim. The court also granted plaintiff costs and attorney fees in the amount of $6,500, although plaintiff had requested $13,866.56.

In three related arguments, defendants contend on appeal that the trial court erred in granting summary disposition and in concluding that plaintiff properly honored J.Z. Juice Company's sight draft pursuant to the letter of credit. We disagree.

Under MCL 440.5109; MSA 19.5109 the issuer of a letter of credit owes to the customer a duty to exercise good faith and "examine the documents [requesting payment] with care." If the documents facially appear to be regular, the issuer assumes no liability or responsibility for any fraudulent aspect of the request for payment.

Under MCL 440.5114(1); MSA 19.5114(1), the issuer of a letter of credit must honor a draft or demand for payment that complies with the terms of the letter of credit regardless of whether the documents are fraudulent or the goods do not conform to the contract between the customer and beneficiary. Furthermore, under MCL 440.5114(2) (b); MSA 19.5114(2)(b), even when a customer of the issuer notifies the issuer of fraud or other defect not apparent on the face of the documents, the issuer, *acting in good faith, may nevertheless honor the draft or demand* for payment.

In this case, J.Z. presented plaintiff-issuer with copies of allegedly unpaid invoices and a letter dated April 4, 1988, stating that the "accompanying invoices are at least 30 days past due and payment has been demanded and not received." The language of J.Z.'s letter tracks the language required by the letter of credit. Further, each invoice that J.Z. submitted was a preprinted form that provided a separate space for a delivery date and a "inv. & load date," but no similar space for a billing date or due date for payment. The only dates on the invoices were in the delivery date space, and none of those dates was before March 21, 1988. However, the defendants further contend that plaintiff breached its statutory and contractual duty of good faith to defendants by not rejecting J.Z. Juice's sight draft, especially in light of the delivery dates on the invoices and defendants' March 31, 1988, letter to plaintiff. Again, we dis-

agree. For purposes of the Uniform Commercial Code, good faith means "honesty in fact in the conduct or transaction concerned," MCL 440.1201(19); MSA 19.1201(19), evaluated according to a subjective test rather than an objective "reasonably prudent person" standard. Defendants have presented no documentary evidence by way of affidavit or otherwise that plaintiff was not honest in fact in examining the documents and in honoring J.Z.'s draft.

Defendants also argue that summary disposition was premature because discovery was not complete. However, a party opposing a motion for summary disposition because discovery is not complete must provide some independent evidence that a factual dispute exists. *Pauley v Hall,* 124 Mich App 255, 263; 335 NW2d 197 (1983). Defendants have failed to do so.

Defendants' brief also states that plaintiff failed to deal fairly with them with regard to the remaining counts of the complaint and counterclaim. However, because defendants have not identified or submitted any documentary materials to support their position, we decline to address the argument.

In its cross appeal, plaintiff contends that the trial court erred in awarding less than plaintiff's actual attorney fees. Plaintiff also argues that the trial court's ruling was made without apparent consideration of the factors set forth in *Crawley v Schick,* 48 Mich App 728, 737; 211 NW2d 217 (1973), and requests that the case be remanded for a determination of the issue of attorney fees in accordance with *Crawley.* However, "the trial court need not detail its findings as to each specific factor considered," *Wood v DAIIE,* 413 Mich 573, 588; 321 NW2d 653 (1982), and under MCR 2.517(A)(4) decisions on motions do not require

findings of fact. Because plaintiff does not specifically argue that the trial court abused its discretion in deciding the motion, and has not demonstrated that the court abused its discretion by not providing detailed findings or awarding less than requested, we affirm the court's award.

Affirmed.

BRENNAN, J., concurred.

MICHAEL J. KELLY, P.J. *(dissenting).* I dissent because I cannot agree that plaintiff's failure to examine the invoices and recognize that the invoices were not thirty days past due, and its apparent disregard of Metro's letter of March 31st, left no question of material fact for disposition because, according to the majority, as a matter of law under MCL 440.5114(2)(b); MSA 19.5114(2)(b), the plaintiff acted in good faith honoring the drafts in question.

The majority says defendants have not provided any documentary evidence that a genuine issue of material fact exists. That is, the trial court did not err when it so ruled. However, I don't know what additional documentary evidence is required other than the statement signed by an authorized agent of J.Z. Juice Company that the accompanying invoices are "at least 30 days past due and payment has been demanded and not received," which was false on its face.

I would reverse.