MICHIGAN TAX MANAGEMENT SERVICES CO v CITY OF
WARREN

Docket No. 122645. Submitted May 17, 1990, at Detroit. Decided July
16, 1990. Leave to appeal applied for.

Michigan Tax Management Services Company brought an action
under the Freedom of Information Act in Wayne Circuit Court
against the City of Warren, seeking tax assessor records which
plaintiff had previously requested. Plaintiff prevailed in its
action and requested an award of attorney fees, costs, disburse-
ments and punitive damages under the act. The plaintiff
claimed that it was entitled to attorney fees of $14,450. Defen-
dant did not contest any of the factual allegations made in
support of plaintiff's claim. The trial court, Helene N. White,
J., found that plaintiff was entitled to an award of reasonable
fees, costs and disbursements, but held that attorney fees of
$4,500 were appropriate. The court also awarded plaintiff costs
and disbursements of $225 and punitive damages of $500.
Plaintiff appealed.

The Court of Appeals *held:*

1. Since defendant did not contest the factual allegations
made in support of plaintiff's claim, it was an abuse of discre-
tion for the trial court to reduce the $14,450 claim for attorney
fees to $4,500.

2. The trial court properly awarded the statutory punitive
damages of $500.

Modified and remanded.

ATTORNEY AND CLIENT — ATTORNEY FEES — REASONABLENESS —
FREEDOM OF INFORMATION ACT.

The controlling criterion in reviewing an award of attorney fees
under the Freedom of Information Act is the reasonableness of
the fees awarded; attorney fees as billed should be awarded
where the party against whom the attorney fees are being
assessed does not contest the claim of the time expended or the
reasonableness of the hourly charge (MCL 15.240[4]; MSA
4.1801[10][4]).

REFERENCES
Am Jur 2d, Records and Recording Laws § 46.15.
See the Index to Annotations under Attorneys' Fees.

*Jon P. Gutek,* for plaintiff.

*Walter A. Jakubowski, Jr.,* City Attorney, and *W. Thomas Marrocco, Jr.,* Chief Assistant City Attorney, for defendant.

Before: MICHAEL J. KELLY, P.J., and HOLBROOK, JR., and SHEPHERD, JJ.

MICHAEL J. KELLY, P.J. Plaintiff appeals the amount of attorney fees awarded to it by the circuit court under § 10 of the Freedom of Information Act, MCL 15.240; MSA 4.1801(10)(4). We now modify the circuit court's fee award.

Plaintiff filed an action against defendant under the act to compel defendant to release certain tax assessor records previously requested by plaintiff. Plaintiff prevailed in its action and requested an award of attorney fees, costs, disbursements, and punitive damages under MCL 15.240(4), (5); MSA 4.1801(10)(4), (5). Plaintiff claimed that it was entitled to attorney fees in the amount of $14,450, for 115.6 hours of work at $125 per hour. The circuit court found that, as a prevailing party, plaintiff was entitled to an award of reasonable attorney fees, costs, and disbursements. However, the court reduced the attorney fee to $4,500 rather than the $14,450 requested. The court also awarded plaintiff costs and disbursements in the amount of $225, and statutory punitive damages in the amount of $500.

I

On appeal, plaintiff argues that the circuit court erred in awarding only $4,500 in attorney fees. Plaintiff contends that the actual attorney fee of $14,450 must be awarded. We find no contradictory evidence in the record to rebut the stipulated

facts on which the parties submitted the dispute to the circuit court. The court's opinion correctly stated:

> The parties have submitted the attorney fee issue to the court on briefs and billing records. Neither party has requested a hearing.

The stipulation provides in pertinent part:

> 44. The Plaintiff asserts, and the Defendant has no evidence to disprove, that the attorney for the Plaintiff has ten years of legal experience and sixteen years of tax experience.
>
> 45. In December of 1988, the Michigan Bar Journal reported that the 1988 billing rates for taxation attorneys is $115 per hour in the 50th percentile and $130 per hour in the 75th percentile.
>
> 46. The Plaintiff asserts, and the Defendant does not accept, that the billing rate of the attorney for the Plaintiff is $125 per hour expended.
>
> 47. The Plaintiff asserts, and the Defendant does not accept, that the Billing Detail attached as Exhibit Nine and made part of this stipulation describes the work performed for the Plaintiff, shows the actual hours incurred by the Attorney for the Plaintiff, indicates that the amount to be billed to the Plaintiff for actual attorney's fees through the Settlement Conference held February 16, 1989 is $11,950.
>
> 48. The Plaintiff estimates, and the Defendant does not accept, that the amount of time to be expended through the remainder of the circuit court proceedings (including the preparation of the required brief) will total 20 hours for an additional attorney fee charge of $2,500 for a total attorney fee of $14,450.

Section 10(4) of the act, MCL 15.240(4); MSA 4.1801(10)(4), provides:

> If a person asserting the right to inspect or to receive a copy of a public record or a portion thereof prevails in an action commenced pursuant to this section, the court shall award reasonable attorneys' fees, costs, and disbursements.

Section 10(4) clearly provides that reasonable attorney fees must be awarded to one who makes a request under the act and who prevails completely in circuit court. *United Plant Guard Workers of America v Dep't of State Police,* 422 Mich 432, 455; 373 NW2d 713 (1985). There is nothing in the stipulation to contradict the number of hours or the amount of the hourly rate except the defendant's declination to accept. This hardly rebuts the detailed statement of attorney fees which supported the plaintiff's documentation and the waiver of hearing by the defendant is tantamount to acceptance of the reasonableness of same.

The controlling criterion in reviewing an award of attorney fees is reasonableness. *Hartman v Associated Truck Lines,* 178 Mich App 426, 428; 444 NW2d 159 (1989). Here, the circuit judge was not called upon to review the plaintiff's attorney's statement of services and billing detail. Nevertheless she recited the factors outlined in *Crawley v Schick,* 48 Mich App 728; 211 NW2d 217 (1973), and concluded that a reasonable attorney fee would be $4,500. No factual support, no contest of amount, time, reasonableness, customary charges, or expert opinion was asserted. We find the court clearly erred in reducing the attorney fee award and we reverse. There being no evidence to the contrary, we order award of the attorney fees in the amount of $14,450.

II

Plaintiff next argues that it is entitled to receive the requested attorney fees under § 10(5) of the

act, as part of plaintiff's actual or compensatory damages. We agree.

The pertinent language of § 10(5), MCL 15.240(5); MSA 4.1801(10)(5), reads:

> In an action commenced pursuant to this section, if the circuit court finds that the public body has arbitrarily and capriciously violated this act by refusal or delay in disclosing or providing copies of a public record, the court shall, in addition to any actual or compensatory damages, award punitive damages in the amount of $500.00.

This statutory language however, is not duplicative of the compensatory language provided for under subsection (4) but instead provides for a punitive damage award of $500 where the public body's actions have been found to be arbitrary and capricious. The circuit court so found in this case and no appeal has been taken from that finding. The award of $500 punitive damages was wholly appropriate and is in addition to the fees, costs and disbursements awarded above under § 10(4) for a total of $15,175.

Plaintiff has also requested additional attorney fees, costs and disbursements incurred subsequent to the circuit court proceedings for which there is no lower court record or stipulated facts. We decline to address this request but without prejudice to the matter being raised in the trial court.

Modified and affirmed as modified; remanded for appropriate proceedings in accordance herewith. We do not retain jurisdiction.