MICHIGAN TAX MANAGEMENT SERVICES COMPANY v
CITY OF WARREN

Docket No. 89711. Decided July 22, 1991. On application by the defendant for leave to appeal, the Supreme Court, in lieu of granting leave, reversed in part the judgment of the Court of Appeals and reinstated the judgment of the circuit court.

Michigan Tax Management Services Company prevailed in an action under the Freedom of Information Act in the Wayne Circuit Court against the City of Warren. The court, Helene N. White, J., awarded attorney fees in an amount smaller than requested by the plaintiff. The Court of Appeals, MICHAEL J. KELLY, P.J., and D. E. HOLBROOK, JR., and SHEPHERD, JJ., reversed, ordering the full requested amount be paid (Docket No. 122645). The defendant seeks leave to appeal.

In an opinion per curiam, signed by Chief Justice CAVANAGH, and Justices BRICKLEY, BOYLE, RILEY, GRIFFIN, and MALLETT, the Supreme Court *held:*

The trial court did not abuse its discretion in determining that an amount less than requested was reasonable compensation for the work performed by the plaintiff's counsel.

Reasonable fees and other expenses must be awarded to a requester who prevails in a Freedom of Information Act action. The trial court is obliged to exercise its sound judgment in determining a reasonable fee by making an independent determination, i.e., an original determination and award, not a review limited to approval or disapproval of others' calculations of fees. In this case, the trial court's determination was made on the basis of appropriate criteria. Considering the plaintiff's counsel's account and the comparatively uncomplicated nature of this litigation, the trial court did not abuse its discretion in reducing the requested fee.

Reversed in part.

Justice LEVIN took no part in the decision of this case.

184 Mich App 644; 459 NW2d 83 (1990) reversed in part.

*Jon P. Gutek* for the plaintiff.

*Wm. Thomas Marrocco, Jr.,* for the defendant.

PER CURIAM. Where a party prevails in an action brought under the Freedom of Information Act, the statute requires the trial court to award reasonable attorney fees. In this case, the circuit court awarded such fees, in an amount that was smaller than the plaintiff's request. The Court of Appeals found the reduction to be error, and ordered that the plaintiff be paid the full requested amount.

When awarding attorney fees under the FOIA, the trial court must determine the amount that is reasonable. The standard for reviewing the trial court's determination is whether the court abused its discretion. Finding no such abuse, we are persuaded that the Court of Appeals erred. Accordingly, we reinstate the judgment of the circuit court.

I

The parties describe plaintiff as a corporation that "performs certain property tax assessment appeal work for various corporate clients." In July, 1987, the plaintiff unsuccessfully attempted to persuade the defendant city to provide some tax assessment records. In July, 1987, the plaintiff filed an action in the Wayne Circuit Court. The basis for the suit was the Freedom of Information Act. MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.*

In its complaint, the plaintiff sought production of the disputed records. It also asked the circuit court to "award reasonable costs including attorney fees, and, in addition, award punitive damages in the amount of $500 as provided by statute."

The circuit court agreed with the plaintiff that the disputed records were subject to disclosure. With regard to the plaintiff's request for monetary relief, the court awarded $225 in costs and dis-

bursements and $4,500 in attorney fees under § 10(4) of the FOIA. MCL 15.240(4); MSA 4.1801(10)(4) provides:

> If a person asserting the right to inspect or to receive a copy of a public record or a portion thereof prevails in an action commenced pursuant to this section, the court shall award reasonable attorneys' fees, costs, and disbursements. If the person prevails in part, the court may in its discretion award reasonable attorneys' fees, costs, and disbursements or an appropriate portion thereof. The award shall be assessed against the public body liable for damages under subsection (5).

The attorney fee award of $4,500 was significantly reduced from the requested amount of $14,450.

The circuit court also granted the request for a $500 award of punitive damages under § 10(5) of the FOIA. MCL 15.240(5); MSA 4.1801(10)(5) provides:

> In an action commenced pursuant to this section, if the circuit court finds that the public body has arbitrarily and capriciously violated this act by refusal or delay in disclosing or providing copies of a public record, the court shall, in addition to any actual or compensatory damages, award punitive damages in the amount of $500.00 to the person seeking the right to inspect or receive a copy of a public record. The damages shall not be assessed against an individual, but shall be assessed against the next succeeding public body, not an individual, pursuant to whose public function the public record was kept or maintained.

The Court of Appeals held that the circuit court "clearly erred in reducing the attorney fee award," and ordered that attorney fees be provided in the full requested amount of $14,450. 184 Mich App 644, 647; 459 NW2d 83 (1990).

The defendant has applied to this Court for leave to appeal.

## II

In *Int'l Union, United Plant Guard Workers of America v Dep't of State Police,* 422 Mich 432, 455, 458, 472; 373 NW2d 713 (1985),[1] this Court explained that "reasonable fees and other expenses *must* be awarded to a requester who prevails completely." (Emphasis in original.)[2] Thus the circuit court was obliged in the present case to award reasonable attorney fees.

However, the mandatory character of the award does not relieve the trial court of the obligation to exercise its sound judgment in determining a *reasonable* fee. In this context, we adopt the analysis employed in *Wood v DAIIE,* 413 Mich 573, 587-588; 321 NW2d 653 (1982):

A determination that a party is entitled to attorney fees under the no-fault insurance act does not decide the amount of the award, however. As to this question, we agree with the defendant that the controlling criterion is that the attorney fees be "reasonable." We adopt the guidelines for determining "reasonableness" set forth in *Crawley v Schick,* 48 Mich App 728, 737; 211 NW2d 217 (1973).

The *Crawley* panel noted that there is no precise formula for computing the reasonableness of an attorney's fee, but said that factors to be considered are:

"(1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the

---

[1] Modified 423 Mich 1205 (1985).

[2] One may contrast the federal statute, under which an award of attorney fees is permissive. 5 USC 552(a)(4)(E).

expenses incurred; and (6) the nature and length of the professional relationship with the client. See generally 3 Michigan Law & Practice, Attorneys and Counselors, § 44, p 275, and Disciplinary Rule 2-106(B) of the Code of Professional Responsibility and Ethics."[3]
See also *Liddell v DAIIE,* 102 Mich App 636, 652; 302 NW2d 260 (1981), which applied the *Crawley* factors to the no-fault insurance scheme. MCL 500.3148(1); MSA 24.13148(1).

While a trial court should consider the guidelines of *Crawley,* it is not limited to those factors in making its determination. Further, the trial court need not detail its findings as to each specific factor considered. The award will be upheld unless it appears upon appellate review that the trial court's finding on the "reasonableness" issue was an abuse of discretion.

Although the Court of Appeals properly acknowledged that "[t]he controlling criteria in reviewing an award of attorney fees is reasonableness," it erred when it concluded its analysis in this fashion:

There is nothing in the stipulation to contradict the number of hours or the amount of the hourly rate except the defendant's declination to accept. This hardly rebuts the detailed statement of attorney fees which supported the plaintiff's documentation and the waiver of hearing by the defendant is tantamount to acceptance of the reasonableness of same.

. . . No factual support, no contest of amount, time, reasonableness, customary charges, or expert opinion was asserted [by the circuit court]. We find the court clearly erred in reducing the attorney fee award and we reverse. There being no evidence to the contrary, we order award of the attorney fees in the amount of $14,450. [184 Mich App 647.]

---

[3] With minor stylistic changes, the former text of DR 2-106(B) is reproduced in MRPC 1.5(a).

Earlier, the Court of Appeals had quoted a portion of the parties' stipulation, in which the defendant explicitly contested the billing rate of plaintiff's counsel, as well as counsel's account of the time spent on this matter.[4] While defense proofs regarding a reasonable rate of compensation and a reasonable number of hours for the completion of a case of this sort would have helped the circuit court to determine the proper amount to award,[5] the court was nonetheless obliged to make an *independent* determination with regard to a reasonable amount of fees.

That is, the function of the court is to make an original determination and award regarding reasonable fees. The court is not performing a review

[4] These paragraphs are taken from the parties' stipulation of facts:

46. The Plaintiff asserts, and the Defendant does not accept, that the billing rate of the attorney for the Plaintiff is $125 per hour expended.

47. The Plaintiff asserts, and the Defendant does not accept, that the Billing Detail attached as Exhibit Nine and made part of this stipulation describes the work performed for the Plaintiff, shows the actual hours incurred by the Attorney for the Plaintiff, indicates that the amount to be billed to the Plaintiff for actual attorney's fees through the Settlement Conference held February 16, 1989 is $11,950.

48. The Plaintiff estimates, and the Defendant does not accept, that the amount of time to be expended through the remainder of the circuit court proceedings (including the preparation of the required brief) will total 20 hours for an additional attorney fee charge of $2,500 for a total attorney fee of $14,450. [184 Mich App 646.]

The Court of Appeals also quoted two additional paragraphs of the stipulation. The filed copy of the stipulation bears handwritten markings that leave us uncertain whether the additional paragraphs were included within the parties' stipulation.

[5] While a party has the right to present such proofs, often it will be difficult for a party to present a detailed challenge to a billing statement presented by the other party's attorney. In addition, full-blown litigation of such a question might involve greater expense than would foreseeably be saved through such a challenge. It is not error for a party or a court to take reasonable steps to expedite resolution of an attorney-fee dispute, and we do not disapprove summary proceedings that protect the rights of the parties.

function limited to approval or disapproval of others' calculations regarding the amount of fees to be awarded.

In this case, the circuit court explained that it had considered "the attorney['s] statement of services and billing detail," as well as "the type of lawsuit, nature of issues in dispute, attorney experience, attorney-client relationship, time and labor required, amount involved and results obtained and the fee customarily charged for similar legal services . . . ." In light of those considerations, the circuit court concluded "that a reasonable attorney fee is $4,500."

The circuit court's determination with regard to a reasonable attorney fee was made on the basis of appropriate criteria.[6] We are further satisfied, after examining counsel's account[7] and considering the comparatively uncomplicated nature of this litigation, that the circuit court did not abuse its discretion in determining that $4,500 is reasonable compensation for the work performed in this case by plaintiff's counsel.[8]

---

[6] Citing *Sentry Ins A Mutual Co v Lardner Elevator Co*, 153 Mich App 317, 326; 395 NW2d 31 (1986), the plaintiff asks that we hold the measure of reasonable attorney fees to be the "fair value of the services rendered." We do not view the *Sentry* test as significantly different from the standard quoted in *Wood*, 413 Mich 588. Rather, *Sentry* provides a shorthand expression of an approach that is spelled out in *Wood*.

[7] In written submissions to the circuit court, plaintiff's counsel stated that he spent 95.6 hours on the case through February 16, 1989, and that the remaining portion of the circuit court proceedings would require an additional twenty hours of time. At a billing rate of $125 per hour, plaintiff's counsel thus calculated a total fee of $14,450.

[8] The phrase "reasonable attorneys' fees" is found in MCL 15.240(4); MSA 4.1801(10)(4). The Court of Appeals based much of its analysis on that subsection, but also appeared to hold that the award of $14,450 was proper as "actual or compensatory damages" under MCL 15.240(5); MSA 4.1801(10)(5). We do not reach the question what is meant by the phrase "actual or compensatory damages," except to hold that if it includes attorney fees, it includes only *reasonable*

We have considered, but decline to address, the defendant's other allegation of error.

For these reasons, we reverse in part the judgment of the Court of Appeals, and we reinstate the judgment of the circuit court.[9] MCR 7.302(F)(1).

CAVANAGH, C.J., and BRICKLEY, BOYLE, RILEY, GRIFFIN, and MALLETT, JJ., concurred.

LEVIN, J., took no part in the decision of this case.

attorney fees as specified in MCL 15.240(4); MSA 4.1801(10)(4). 184 Mich App 648.

[9] At the conclusion of its opinion, the Court of Appeals said:

Plaintiff has also requested additional attorney fees, costs and disbursements incurred subsequent to the circuit court proceedings for which there is no lower court record or stipulated facts. We decline to address this request but without prejudice to the matter being raised in the trial court. [184 Mich App 648.]

The Court of Appeals then remanded the case "for appropriate proceedings in accordance herewith." The defendant has not asked for relief from that portion of the Court of Appeals judgment, and so we neither disturb nor comment upon it.