# STATE OF MICHIGAN

# COURT OF APPEALS

BARBARA JEAN STEWART, formerly known as
BARBARA JEAN KINCAID,

Plaintiff-Appellant,

v

ESTEL LEROY KINCAID, JR.,

Defendant-Appellee.

UNPUBLISHED
August 11, 2016

No. 326843
Oakland Circuit Court
LC No. 2011-781409-DO

Before: K. F. KELLY, P.J., and M. J. KELLY and RONAYNE KRAUSE, JJ.

PER CURIAM.

In this dispute over an award of attorney fees, plaintiff, Barbara Jean Stewart, again appeals the trial court's order compelling defendant, Estel Leroy Kincaid, Jr., to pay a portion of the attorney fees she incurred when she sought to enforce her divorce judgment. Because we conclude the trial court abused its discretion by failing to properly articulate its findings and examine the appropriate factors for adjusting the award, we vacate its order and remand for a redetermination of an appropriate award.

After Stewart challenged the trial court's original award of attorney fees, this Court determined that the trial court erred when it relied on equity alone to determine the reasonableness of the fees. See *Kincaid v Kincaid*, unpublished opinion per curiam of the Court of Appeals, issued December 23, 2014 (Docket No. 317756); slip op at 4. Accordingly, this Court remanded the case back to the trial court and ordered it to "articulate its findings of fact in support of its ultimate award." *Id.* On remand, the trial court ordered Kincaid to pay Stewart $1,925 in attorney fees.

On appeal, Stewart argues on her own behalf that the trial court failed to adequately articulate its findings as directed by this Court. This Court reviews a trial court's award of attorney fees for an abuse of discretion. *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008). Trial courts are required to make independent determinations of the reasonableness of requested attorney fees and not simply approve or disapprove of the parties' calculations of the amount to be awarded. *Mich Tax Mgt Servs Co v City of Warren*, 437 Mich 506, 511-512; 473 NW2d 263 (1991).

-1-

The party requesting attorney fees bears the burden of proving the reasonableness of the requested fees. *Smith*, 481 Mich at 529. The moving party must prove that the attorney fee is reasonable in light of the "fee customarily charged in the locality for similar legal services," i.e. the market rate for the services. *Id.* at 530-531. The reasonable hourly rate should then be multiplied by the reasonable number of hours expended on the case. *Smith*, 481 Mich at 531. "[E]xcessive, redundant or otherwise unnecessary hours regardless of the attorneys' skill, reputation or experience should be excluded." *Van Elslander v Thomas Sebold & Assoc, Inc*, 297 Mich App 204, 231; 823 NW2d 843 (2012) (quotation marks and citation omitted). The multiplication of the reasonable hourly rate by the reasonable hours billed creates a baseline figure. *Smith*, 481 Mich at 533. The baseline figure should be increased or decreased after consideration of various factors:

> (1) the experience, reputation, and ability of the lawyer or lawyers performing the services,
>
> (2) the difficulty of the case, i.e., the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly,
>
> (3) the amount in question and the results obtained,
>
> (4) the expenses incurred,
>
> (5) the nature and length of the professional relationship with the client,
>
> (6) the likelihood, if apparent to the client, that acceptance of the particular employment will preclude other employment by the lawyer,
>
> (7) the time limitations imposed by the client or by the circumstances, and
>
> (8) whether the fee is fixed or contingent. [*Pirgu v United Services Auto Ass'n*, ___ Mich ___, ___; ___ NW2d ___ (2016) (Docket No. 150834); slip op at 13.]

The trial court should briefly address on the record its view of each of the factors. *Id.* at ___; slip op at 14. In *Augustine (After Remand)*, this Court determined the level of articulation required:

> A meaningful application of the factors is more than a recitation of those factors prefaced by a statement such as "after careful review of the criteria the ultimate finding is as follows . . . ." Similarly, an analysis is not sufficient if it consists merely of the recitation of the factors followed by a conclusory statement that "the trial court has considered the factors and holds as follows . . ." without clearly setting forth a substantive analysis of the factors on the record. The trial court should consider the interplay between the factors and how they relate to the client, the case, and even the larger legal community. [*Augustine v Allstate Ins Co (After Remand)*, 292 Mich App 408, 436; 807 NW2d 77 (2011).]

In this case, the parties effectively stipulated that the hourly rate charged by Stewart's lawyer ($175) was proper considering the locality and the services provided. As such, the trial court could properly rely on that rate. The trial court then went through Stewart's lawyer's billings and determined that some were "excessive, redundant, and unnecessary." It listed which hours it "allowed" or "disallowed" without much explanation as to why it felt that a particular charge was excessive, redundant, or unnecessary. It was not sufficient for the trial court to allow or disallow a particular charge on the basis of a conclusory statement that it found certain hours were excessive, redundant, or unnecessary. *Id.* It needed to explain how the charge was excessive, redundant, or unnecessary. Additionally, the trial court did not consider the remaining factors to determine whether the baseline award should be adjusted because it felt those factors did not apply. However, those factors do apply and the trial court must briefly discuss them. See *Pirgu*, ___ Mich at ___; slip op at 12-14.

On this record, we conclude that the trial court abused its discretion by setting an award without adequately stating its rationale for allowing or disallowing the specific charges and by failing to adequately address the factors for adjusting the baseline award. Consequently, we vacate the trial court's award of attorney fees and remand this case to the trial court for further proceedings to determine the reasonableness of her fee request.

Stewart also argues that this Court should remand this case to a different trial judge. We decline to consider this issue because Stewart did not adequately brief the issue on appeal. *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 14; 672 NW2d 351 (2003).

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kirsten Frank Kelly
/s/ Michael J. Kelly
/s/ Amy Ronayne Krause