*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JEFFREY WILLIAM KIDDER,

Plaintiff-Appellant,

LAURA SUE POBURSKY-KIDDER,

Defendant-Appellee.

FOR PUBLICATION
February 22, 2024
9:00 a.m.

No. 365527
Oakland Circuit Court
LC No. 2010-776877-DM

Before: PATEL, P.J., and K. F. KELLY and RIORDAN, JJ.

PATEL, P.J.

Plaintiff appeals as of right the trial court's opinion and order awarding defendant $57,008.90 in attorney fees in this postjudgment divorce action. We affirm.

## I. BACKGROUND

The trial court determined that several pleadings filed by plaintiff were not well grounded in fact and were intended to falsely lead the court to believe that a reduction in his child support obligations was necessary. The trial court sanctioned plaintiff under MCR 1.109(E)(6) and ordered him to pay defendant's expert witness fees and her attorney fees. Plaintiff appealed the trial court's decision, and we affirmed it. See *Kidder v Pobursky-Kidder*, unpublished per curiam opinion of the Court of Appeals, issued September 22, 2022 (Docket Nos. 356297 & 357908). Our prior opinion summarizes the relevant background related to this appeal:

> The parties divorced in 2011. The October 2011 consent judgment awarded the parties joint legal and physical custody of their three minor children. And plaintiff was ordered to pay monthly child support.
>
> On February 6, 2018, plaintiff filed a pro se motion seeking a modification of the existing child support order based on a change in circumstances. In addition to a change involving one of the three children, plaintiff maintained that he had a change in income:

The second change of circumstances is that I am out of a job currently. I am working on obtaining a job to support my family. There is no way I can obtain a salary of the one I previously had. So I am requesting my income level to change the formula to calculate child support.

At the motion hearing, plaintiff testified that he had been self-employed at his family's engineering business, Kidder Associates, of which he was a 49% owner. But plaintiff maintained that his brother, who owned 51% of the business, had terminated his employment with a three-month severance package. Plaintiff claimed that his income from Kidder Associates would cease at the end of March 2018, but he was in negotiations for a buyout of his 49% ownership interest. Plaintiff also testified that he invested in two residential homes that he intended to sell for a profit. The [Friend of the Court ("FOC")] referee imputed income to both parties and recommended that neither party pay child support.

In June 2019, defendant filed a motion to modify plaintiff's child support obligation, alleging that, contrary to his February 2018 motion and March 2018 testimony, plaintiff continued to receive his full salary from Kidder Associates until December 31, 2018. Defendant further alleged that plaintiff had income from real estate sales and rental properties. Plaintiff contested defendant's accusations, asserting that he was a full-time student working on a masters' degree and "commencing in 2019, [he] no longer receives an income or funds from Kidder Associates." The FOC referee recommended that defendant be afforded an opportunity to conduct discovery.

After serving a series of subpoenas to investigate plaintiff's financial background, defendant filed a motion for retroactive modification of child support in March 2020. Defendant accused plaintiff of committing perjury because, contrary to his pleadings and testimony, he had allegedly received his regular income from Kidder Associates until November 2019. She further maintained that, beginning in 2014, plaintiff received periodic disbursements from Kidder Associates in addition to his regular salary. But none of these disbursement[s] were previously disclosed by plaintiff. Defendant requested the opportunity to conduct additional discovery on the issue of retroactive child support. She argued that plaintiff should be sanctioned and ordered to pay her expert witness fees and attorney fees. In response, plaintiff denied that he received his regular monthly income in 2019 and maintained that the 2019 payments were used to offset the amounts due plaintiff pursuant to a November 2019 settlement agreement with Kidder Associates. He further asserted that the disbursements he had periodically received in addition to his regular salary were for his corporate income tax obligations and were not personal income.

The trial court referred the matter to the FOC referee for an evidentiary hearing. The evidentiary hearing began on August 20, 2020, but the hearing was stopped before the conclusion of plaintiff's testimony due to time constraints. Prior to the continuation of the evidentiary hearing, defendant filed two motions to

compel production of plaintiff's tax returns and W-2 forms. Defendant maintained that this documentation was necessary to adequately prepare for the continuation of the evidentiary hearing. The trial court ordered plaintiff to produce his tax returns for the previous three years and expressed that it would consider requiring plaintiff to produce additional tax returns with a showing of good cause. After plaintiff complied with the order, defendant filed a motion to compel production of plaintiff's tax returns back to 2011, arguing that the information was highly relevant to calculating plaintiff's retroactive child support payments. Defendant also renewed her request for expert witness fees and attorney fees.

Following the November 5, 2020, hearing on defendant's motion to compel, the trial court entered an order (1) directing the FOC referee to continue the evidentiary hearing regarding retroactive child support to be paid by plaintiff for the time period prior to 2019, (2) instructing the FOC referee to calculate the amount of retroactive support from 2019 to the present, (3) awarding defendant fees for a financial expert, (4) awarding defendant attorney fees incurred since 2019, and (5) reserving the issue of production of additional tax returns and further retroactivity of child support modifications upon good cause shown. Plaintiff moved for reconsideration, but the trial court denied the motion. Plaintiff now challenges portions of the trial court's order in these consolidated appeals. [*Kidder*, unpub op at 1-2.]

Although we affirmed the trial court's decision to award defendant her attorney fees incurred since 2019, we declined to address plaintiff's argument that the *requested* amount of attorney fees was unreasonable because "the trial court has not yet determined the amount of attorney fees to award and expressly stated that defendant would be required to prove the reasonableness of any requested fees in accordance with the factors set forth in *Wood v DAIIE*, 413 Mich 573, 581; 321 NW2d 653 (1982)." *Kidder*, unpub op at 7 n 5.

While *Kidder* was pending, the trial court conducted proceedings to determine a reasonable attorney-fee award. Defendant filed a 24-page bill of costs that contained an itemized listing of her attorneys' legal services and the rates charged for those services. Plaintiff filed objections to defendant's bill of costs, generally challenging several of the charges on the ground that they were "exaggerated, excessive, and unreasonable," and requested an evidentiary hearing. At the March 2021 hearing, plaintiff again objected that many of the listed charges were "exaggerated, excessive, and unreasonable" and claimed that he did not understand some of the charges. The trial court repeatedly offered plaintiff's counsel an opportunity to question defendant's attorneys under oath regarding the charges.[1] But plaintiff's counsel declined these offers, indicating that his principal disagreement was with the trial court's decision to sanction plaintiff in the first instance. Ultimately, plaintiff's counsel requested the trial court to defer its decision on a reasonable attorney-fee award until after this Court resolved plaintiff's challenge to the award of sanctions. Plaintiff's counsel maintained he would rely on his arguments made during the March 2021 hearing and plaintiff's filed response to defendant's bill of costs if this Court affirmed the trial

---

[1] Both of defendant's attorneys were present at the hearing and available for questioning.

court's imposition of sanctions. Defendant stipulated to a brief deferment, and the trial court agreed to reserve its decision until after this Court issued its opinion in the pending appeal.

Following this Court's decision in *Kidder*, the case returned to the trial court, which revisited the issue of a reasonable attorney-fee award. Defendant was granted an opportunity to file supplemental affidavits from her attorneys in support of her fee request. Plaintiff was granted an opportunity to file supplemental objections to address any new matters raised in defendant's filings, but did not do so. The trial court found that the rates charged by defendant's attorneys were commensurate with the rates customarily charged by attorneys in the same locality with similar experience. The trial court further determined that the number of hours spent by defendant's attorneys were reasonable, with some minor exceptions. The court reduced defendant's requested fees of $57,221.40 by $212.50, resulting in an award of $57,008.90. Plaintiff now appeals.

## II. ANALYSIS

Plaintiff argues that the trial court erred by failing to determine a reasonable attorney-fee award under the framework articulated by our Supreme Court in *Smith v Khouri*, 481 Mich 519, 530; 751 NW2d 472 (2008) (opinion of TAYLOR, C.J.) and *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 281-282; 884 NW2d 257 (2016). We disagree.

We review a trial court's award of attorney fees for an abuse of discretion. *Kostreva v Kostreva*, 337 Mich App 648, 673; 976 NW2d 889 (2021). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Pirgu*, 499 Mich at 274. A trial court's factual findings underlying an award of attorney fees are reviewed for clear error. *Colen v Colen*, 331 Mich App 295, 300; 952 NW2d 558 (2020). A finding is clearly erroneous when this Court is left with a definite and firm conviction that a mistake has been made. *Id.*

The party requesting attorney fees has the burden of proving the reasonableness of the requested fees. *Smith*, 481 Mich at 528-529 (opinion by TAYLOR, C.J.). "The fee applicant bears the burden of supporting its claimed hours with evidentiary support" and "[i]f a factual dispute exists over the reasonableness of the hours billed or hourly rate claimed by the fee applicant, the party opposing the fee request is entitled to an evidentiary hearing to challenge the applicant's evidence and to present any countervailing evidence." *Id*. at 532.

In *Pirgu*, our Supreme Court explained that a court "must begin its analysis by determining the reasonable hourly rate customarily charged in the locality for similar services." *Pirgu*, 499 Mich at 281. The trial court "must then multiply that rate by the reasonable number of hours expended in the case to arrive at a baseline figure." *Id*. In determining whether the number of hours expended is reasonable, the trial court "should exclude excessive, redundant or otherwise unnecessary hours regardless of the attorneys' skill, reputation or experience[]." *Smith*, 481 Mich at 532 n 17 (opinion by TAYLOR, C.J.) (cleaned up). With respect to determining both the rate and hours, a trial court is "obliged to make an *independent* determination with regard to a reasonable amount of fees." *Mich Tax Mgt Servs Co v Warren*, 437 Mich 506, 511; 473 NW2d 263 (1991). "Thereafter, the trial court must consider all of the remaining *Wood* and MRPC 1.5(a) factors to determine whether an up or down adjustment is appropriate." *Pirgu*, 499 Mich at 281.

The *Pirgu* Court recognized that its decision in *Smith* required trial courts to consult two different lists of factors that contain "significant overlap," which "unnecessarily complicates the analysis and increases the risk that courts may engage in incomplete or duplicative consideration of the enumerated factors." *Id*. Accordingly, the Court distilled the remaining *Wood* and MRPC 1.5(a) factors into the following list to assist trial courts in their analysis:

> (1) the experience, reputation, and ability of the lawyer or lawyers performing the services,
>
> (2) the difficulty of the case, i.e., the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly,
>
> (3) the amount in question and the results obtained,
>
> (4) the expenses incurred,
>
> (5) the nature and length of the professional relationship with the client,
>
> (6) the likelihood, if apparent to the client, that acceptance of the particular employment will preclude other employment by the lawyer,
>
> (7) the time limitations imposed by the client or by the circumstances, and
>
> (8) whether the fee is fixed or contingent.  [*Id*. at 281-282.]

The Court held that these factors are not exclusive, and a trial court may consider any additional relevant factors. *Id*. at 282.  To facilitate appellate review, a trial court should briefly discuss its view of each factor on the record and justify the relevance and use of any additional factors.  *Id*.

In this case, plaintiff first challenges the trial court's determination that the hourly rates charged by defendant's attorneys, William Berlin and Joseph Yaccarino, were consistent with fees customarily charged in the locality for similar legal services.  "The burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Smith*, 481 Mich at 531 (opinion by TAYLOR, C.J.) (cleaned up).  A fee applicant "must present something more than anecdotal statements to establish the customary fee for the locality."  *Id*. at 532.  "The fees customarily charged in the locality for similar legal services can be established by testimony or empirical data found in surveys and other reliable reports."  *Id*. at 531-532.

The record discloses that Berlin charged an hourly rate of $350, which increased to $400 an hour after November 1, 2020, and Yaccarino charged an hourly rate of $150, which increased to $200 an hour after September 1, 2020.  Preliminarily, plaintiff fails to address the trial court's finding that he stipulated to the reasonableness of Berlin's $350 rate at the March 10, 2021 hearing.  At that hearing, plaintiff's counsel stated: "Mr. Berlin who's a good lawyer, who's a fine lawyer, I'm not disputing what he charges at $350 an hour."  The trial court found that this statement only addressed Berlin's $350 hourly rate and thus Berlin's increased rate and Yaccarino's rates were not subject to any agreement.  Despite this stipulation, the trial court asserted that it has a

"responsibility to determine the reasonableness of the hourly rate" and thus it evaluated the reasonableness of Berlin's $350 hourly rate in addition to the reasonableness of Berlin's increased rate and Yaccarino's rates.

Plaintiff argues that defendant's attorneys did not satisfy their burden of establishing the reasonableness of their requested rates because "they clearly did not provide any calculations, relevant facts to demonstrate their experience, or support for the rates they charge." He asserts that the trial court abused its discretion by "simply relying on Mr. Berlin and Mr. Yaccarino's purported reasonable rates," "without any meaningful analysis of . . . [the] charged rate[s]." The record does not support these arguments. Further, because plaintiff's counsel stated that he was not contesting Berlin's $350 hourly rate, plaintiff waived any challenge to the reasonableness of Berlin's rate. See *Adair v Michigan*, 497 Mich 89, 104; 860 NW2d 93 (2014) (recognizing that waiver is the intentional relinquishment of a known right).

Contrary to plaintiff's argument, defendant's bill of costs was supported by affidavits from Berlin and Yaccarino that summarized their practice areas, years of experience, and rates charged, and also referenced the 2020 Economics of Law Practice (ELP) publication by the State Bar of Michigan.[2] Plaintiff argued that the ELP demonstrated that her attorneys' rates were within the appropriate ranges customarily charged by attorneys in the locality with similar experience. On remand, Berlin and Yaccarino filed similar affidavits asserting that the amounts charged were based on actual time spent litigating this action between May 2019 and December 2020, and again asserting that the rates were within the appropriate ranges customarily charged by attorneys in the location with similar experience, as supported by the 2020 ELP publication. The trial court granted plaintiff an opportunity to file a response to these affidavits, but he did not file any objections or otherwise respond to the affidavits.

Although plaintiff did not object to the rates and expressly conceded that Attorney Berlin's $350 hourly rate was reasonable, the trial court did not simply accept the rates offered by defendant's attorneys as reasonable. The trial court independently analyzed the requested rates and the 2020 ELP, and it found that the ELP supported defendant's claim that the requested rates were consistent with the rates customarily charged in the locality by attorneys with similar experience. Plaintiff has not demonstrated that the trial court erred by determining that the rates charged by defendant's attorneys were reasonable.

Having determined that the rates charged by defendant's attorneys were reasonable, the next step in the trial court's analysis was to multiply those hourly rates by the reasonable amount of hours expended in the case. *Pirgu*, 499 Mich at 281; *Smith*, 481 Mich at 531 (opinion by TAYLOR, C.J.). The trial court observed that plaintiff raised objections to charges for several services, but most of the objections simply asserted that various charges were "exaggerated, excessive, and unreasonable." The court stated that plaintiff "offered no factual or legal basis for the conclusions he argued." The court attempted to address some of plaintiff's specific objections, but found that his failure to exercise the opportunity to question defendant's attorneys about

---

[2] In *Smith*, 481 Mich at 530-531 (opinion by TAYLOR, C.J.), our Supreme Court noted that surveys such as the ELP publication are an appropriate resource to consult in determining the fee customarily charged in the community for similar legal services.

specific services at an evidentiary hearing precluded him from demonstrating factual support for his position that some of the charges were unreasonable. After considering plaintiff's objections, the trial court found that, but for some minor exceptions, all of the hours expended were reasonable. The court summarized its analysis by stating:

> Plaintiff's Objections are largely undeveloped and leave this Court without a factual or legal basis to analyze them. Plaintiff did not take the opportunity to question Defendant's counsel, nor elaborate on his Objections on March 10, 2021.

> \* \* \*

> Defendant's requested sum is large. Had this matter been less complicated, Defendant's sum may be unreasonable. Here, Defendant filed the 2019 Support Motion to reconcile Plaintiff's material misrepresentation of fact in the 2018 Support Motion. Plaintiff further complicated these proceedings by again misrepresenting a material fact. Plaintiff then engaged in a litigation strategy that caused delay and required this Court's intervention. Plaintiff's conduct increased the costs of litigation in this matter.

> The Court finds that the fees sought by Defendant are reasonable as stated above. The Court also finds that the number of hours spent is reasonable. Defendant's efforts to litigate this matter to resolution have been consistent and proportionate to the obstacles that Plaintiff has placed in her way. The Court finds that the hours and rates, as adjusted above, are reasonable.

On appeal, plaintiff complains that the descriptions of services in defendant's bill of costs lacked sufficient detail to accurately describe the various services, which he contends necessarily prevented the trial court from finding that the charges were reasonable. He also challenges various charges as unnecessary and unreasonable, and argues that they are difficult to understand without more context and information. We disagree that defendant failed to satisfy her initial burden under *Smith* to submit detailed billing records in support of her requested attorney fees. Defendant submitted a 24-page bill of costs that contained itemized descriptions of the various legal services, a general description of the services performed on each date, the number of hours spent on each activity, and the rates charged for each service. This bill of costs was sufficient to inform plaintiff of the factual bases for the various charges. To the extent that plaintiff disagreed with the necessity of some of the services or the time spent performing various services, these were issues to be explored at an evidentiary hearing. As the trial court observed, plaintiff was repeatedly given the opportunity to address the reasonableness of any contested charge at the March 10, 2021 hearing, but his counsel informed the court that he was not seeking an evidentiary hearing, he declined the opportunity to question defendant's attorneys regarding the reasonableness of the services performed or the hours that were billed, and he did not present any countervailing evidence to otherwise undermine counsel's itemized billings. The trial court did not clearly err by finding that contested charges were not objectively unreasonable and that, by declining the opportunity for an evidentiary hearing at which plaintiff could question defendant's attorneys regarding specific charges, plaintiff failed to demonstrate that the charges were unreasonable.

Defendant's bill of costs also sought recovery of copying, postage, and filing fees totaling $308.40. Plaintiff argues that it was improper to award defendant her costs because the trial court's December 17, 2020 order only awarded her "reasonable attorney fees," and not costs, as a sanction under MCR 1.109. But plaintiff did not object to any of these costs in his objections to defendant's bill of costs or raise any arguments to these costs at the March 2021 hearing. "In civil cases, Michigan follows the 'raise or waive' rule of appellate review." *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 359090); slip op at 3. A litigant must raise an issue in the trial court to preserve it for appellate review. *Id.* at ___; slip op at 3. As we explained in *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 194; 920 NW2d 148 (2018), a party "may not remain silent in the trial court and then hope to obtain appellate relief on an issue that [he or she] did not call to the trial court's attention." Because plaintiff failed to object to the inclusion of costs in defendant's bill of costs, either on the ground that they were unreasonable or that they were outside the scope of the trial court's December 17, 2020 order, the issue is unpreserved. We find that the circumstances of this case do not warrant our review of this unpreserved issue.[3]

Plaintiff further argues that even if the trial court calculated a reasonable baseline figure in accordance with *Smith/Pirgu*, it erroneously considered the *Smith/Pirgu* factors to determine that a deviation from that figure was justified. The trial court did not deviate from its baseline figure. In accordance with *Smith/Pirgu*, the court determined that the rates charged by defendant's attorneys were consistent with the fees customarily charged in the locality by attorneys with similar experience. The court then determined that the number of hours billed was reasonable, but for some minor adjustments. Accounting for those adjustments, the court arrived at a baseline amount of $57,008.90. The trial court examined each of the *Smith/Pirgu* factors and determined that there was no factual or legal basis to reduce or increase the amount. The court's findings regarding the *Smith/Pirgu* factors are supported by the record, and none of those findings compel a conclusion that a downward deviation was warranted.

Affirmed.

/s/ Sima G. Patel
/s/ Kirsten Frank Kelly
/s/ Michael J. Riordan

---

[3] We will generally decline to address an unpreserved issue unless the failure to do so would result in manifest injustice, if the issue involves a question of law and the facts necessary for its resolution have been presented, or resolving the issue is necessary to properly determine the case. *Miller v Mich Dep't of Corrections*, 343 Mich App 104, 119; 996 NW2d 738 (2022). Our Supreme Court has cautioned that this discretion should be exercised sparingly and only in exceptional circumstances. *Napier v Jacobs*, 429 Mich 222, 233-234, 414 NW2d 862 (1987).